IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re GERTRUDE NGIT WUN UNG, | ) CIVIL NO. 15-00433 JMS-RLP |
| | ) |
| Debtor. | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PLAINTIFF'S MOTION FOR |
| | ) SANCTIONS |
| | ) |
| GARY K. TAKATA, TRUSTEE OF | ) |
| THE LAURA NGIT CHAU UNG | ) |
| REVOCABLE LIVING TRUST, | ) |
| | ) |
| Appellee/Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GERTRUDE NGIT WUN UNG, | ) |
| | ) |
| Appellant/Defendant. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO
DEN<u>Y PLAINTIFF'S MOTION FOR SANCTIONS</u>[1]

Before the Court is Plaintiff's Motion for Sanctions,
filed on February 4, 2016 ("Motion").  ECF No. 13.  Defendant
filed an Opposition to the Motion on February 22, 2016.  ECF No.
15.  Plaintiff filed his Reply on March 4, 2016.  ECF No. 16.
After carefully reviewing the parties' submissions and the
relevant legal authority, the Court FINDS and RECOMMENDS that
Plaintiff's Motion be DENIED.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiff is the Trustee of the Laura Ngit Chau Ung Revocable Living Trust (the "Trust").  ECF No. 11 at 2. Defendant is Laura Ung's sister and one of four beneficiaries of the Trust.  Id.  At the time of Laura Ung's death, the property held in the Trust included, in part, the subject property where Defendant lived.  Id.  Defendant refused to vacate the subject property and a summary possession action commenced in state court to evict Defendant.  Id. at 3.  During the course of the summary possession action, Defendant filed a Chapter 13 bankruptcy petition, claiming an interest in the subject property and liability on the reverse mortgage debt on the subject property. Id.  The state court summary possession action settled, resulting in a judgment for possession in favor of Plaintiff, and granting Defendant a limited time to submit an offer to purchase the subject property.  Id. at 3-4.

Plaintiff commenced the underlying adversary action in the United States Bankruptcy Court, District of Hawaii, against Defendant by filing a "Complaint for Damages, Termination of Beneficial Trust Interest and Dismissal of Bankruptcy Case With Prejudice" against Defendant.  Id. at 4.  Defendant asserted a Counterclaim.  Id. at 4-5.  The bankruptcy court granted motions for summary judgment in favor of Plaintiff and against Defendant, thereby terminating Defendant's "rights and interests as a

2

beneficiary under the Trust," dismissing with prejudice Defendant's Counterclaim, barring Defendant from filing another bankruptcy proceeding for six months, and dismissing without prejudice all remaining claims.  Id. at 5 (citing ECF No. 4-5). Defendant sought reconsideration of the bankruptcy court's order, which was denied, and Judgment was entered that same day.  See ECF Nos. 8-7, 8-8.

Thirty days later, well after the expiration of the fourteen-day time limit to appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), Defendant filed an Ex Parte Motion to Extend Time for Filing a Notice of Appeal and later filed a Notice of Appeal of the Judgment in an Adversary Proceeding.  Id. at 6.  The bankruptcy court denied Defendant's Ex Parte Motion noting that Defendant failed to establish "excusable neglect" for her tardiness and immediately dismissed Defendant's appeal as untimely.  Id.  Defendant appealed the bankruptcy court's Order Denying Extension of Time to the district court.  Id. at 7.

The district court issued its Order Affirming Bankruptcy Court's Denial of Defendant-Appellant Gertrude Ngit Wun Ung's Ex Parte Motion to Extend Time for Filing a Notice of Appeal on January 20, 2016 ("January 20 Order").  ECF No. 11.  In the January 20 Order, the district court held that the bankruptcy court "set forth and specifically addressed" the controlling

3

authority.  Id. at 9.  The district court noted that the
bankruptcy court considered each of the four factors in the
required analysis.  Id. at 9.  Specifically, the district court
noted that the bankruptcy court considered the "serious
prejudice" that the Trust beneficiaries are suffering because of
Defendant's "frivolous litigation," the fact that the delay was
"entirely within the control" of Defendant's counsel and that his
late filing error "would have been instantly obvious to any
careful attorney," that the reason for the late filing was "so
thin that it is difficult to believe it is made in good faith,"
and even though the delay was relatively short, the contrary
factors overwhelmingly supported denial of Defendant's request.
Id. at 9-10.

        The district court found that the bankruptcy court's
decision was "fully supported by evidence in the record."  Id. at
9-10.  In so finding, the district court stated that "[t]he
record is replete with evidence that Defendant opposed
Plaintiff's attempts to sell the subject property in order to
repay a reverse mortgage loan and prevent foreclosure by
(1) refusing to vacate the subject property, necessitating a
summary possession action to evict her, (2) filing a bankruptcy
action based on specious claims of entitlement to and/or an
interest in the subject property and liability on the reverse
mortgage, and (3) engaging in other litigation tactics designed

to thwart Plaintiff's attempts to close the Trust and distribute Trust assets to all beneficiaries." Id. at 10-11.  The district court concluded that Defendant's counsel's explanation for why the notice of appeal was filed late "carries little weight" and that "a simple review of the rules would have disclosed the fourteen-day time period." Id. at 12.

In the present Motion, Plaintiff asks the Court to award sanctions in the form of attorneys' fees and costs against Defendant and her counsel for filing a frivolous appeal and for violating several court rules.

DISCUSSION

**I.  The Court FINDS and RECOMMENDS that Plaintiff's Request for Sanctions Under Federal Rule of Bankruptcy Procedure 8020(a) be DENIED.**

Federal Rule of Bankruptcy Procedure 8020(a) provides that "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. Bankr. P. 8020(a).  "An appeal is frivolous 'if the results are obvious, or the arguments of error are wholly without merit.'" Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting Glanzman v. Uniroyal, Inc., 892 F.2d 58, 61 (9th Cir. 1989)); see also George v. City of Morro Bay (In re

5

George), 322 F.3d 586, 591 (9th Cir. 2003).  "A finding of bad faith is not necessary to impose sanctions" but it may weigh in favor of the court exercising its discretion to award sanctions. United States v. Nelson (In re Becraft), 885 F.2d 547, 549 (9th Cir. 1989).

As detailed above, the district court determined that the bankruptcy court applied the correct legal standard and that its conclusion was "fully supported by evidence in the record." ECF No. 11 at 9-10.  However, the district court did not make a finding that Defendant's arguments on appeal were wholly without merit.  Instead, the district court considered Defendant's argument and concluded that it "carries little weight."  Id. at 12.  The one reference in the district court's January 20 Order to "frivolous litigation" was quoting the bankruptcy court's decision.  Id. at 10; see also ECF No. 8-2 at 2.  Because the district court's January 20 Order does not make a finding that Defendant's appeal was frivolous, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's request for sanctions under Rule 8020(a).

**II.  The Court FINDS and RECOMMENDS that Plaintiff's Request for Sanctions Under Federal Rule of Bankruptcy Procedure 8020(b) be DENIED.**

Federal Rule of Bankruptcy Procedure 8020(b) provides that the district court "may discipline or sanction an attorney

or party . . . for other misconduct, including failure to comply
with any court order." Fed. R. Bankr. P. 8020(a). Here,
Plaintiff requests sanctions against Defendant's counsel for his
failure to comply with various court rules. ECF No. 13-1 at 8-
15. Specifically, Plaintiff contends that Defendant's counsel
violated Rule 8014 by filing an Opening Brief that failed to
include a statement of the court's subject matter jurisdiction,
the relevant facts establishing jurisdiction, the filing dates
establishing the timeliness of the appeal, an assertion that the
appeal is from a final judgment, a concise statement of the
applicable standard of appellate review, a statement of the
rulings presented for review, or any references to the record.
Id. at 8-9. Plaintiff also requests sanctions for Defendant's
lack of competence and diligence for his untimely filings. Id.
at 10-13. In the January 20 Order, the district court did not
make any comments regarding the purported deficiencies in
Defendant's Opening Brief. See ECF No. 11. Although the
district court noted that Defendant's Reply brief was untimely,
it did not strike the filing or make any further determination
regarding Defendant's counsel's competence or diligence. Id. at
7. Based on the Court's review of the record, the Court FINDS
and RECOMMENDS that the district court DENY Plaintiff's request
for sanctions against Defendant's counsel under Rule 8020(b).

<u>CONCLUSION</u>

On the basis of the foregoing, the Court FINDS and RECOMMENDS as follows:

1.   That the district court DENY Plaintiff's request for an award of reasonable attorneys' fees and costs against Defendant and Defendant's counsel pursuant to Federal Rule of Bankruptcy Procedure 8020(a); and

2.   That the district court DENY Plaintiff's request for additional sanctions against Defendant's counsel pursuant to Federal Rule of Bankruptcy Procedure 8020(b).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 8, 2016.

Richard L. Puglisi
United States Magistrate Judge

**IN RE GERTRUDE NGIT WUN UNG, CIVIL NO. 15-00433 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SANCTIONS**